# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JENIFER A. VANHORN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 21-1067-DDC-GEB |
| | ) |
| **UNITED STATES POSTAL SERVICE,** | ) |
| **Louis DeJoy, Postmaster General,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on Plaintiff's Motion to Proceed without Prepayment of Fees (ECF No. 3) and Motion for Appointment of Counsel (ECF No. 4). For the reasons outlined below, Plaintiff's Motion to Proceed without Prepayment of Fees (**ECF No. 3**) is **GRANTED** and her Motion for Appointment of Counsel (**ECF No. 4**) is **provisionally GRANTED**.

### I.  Motion to Proceed *In Forma Pauperis* (ECF No. 3)

Under 28 U.S.C. § 1915(a), the Court has the discretion[1] to authorize the filing of a civil case "without prepayment of fees or security thereof, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security thereof." "Proceeding *in forma pauperis* in a civil case 'is a privilege, not a right—fundamental or otherwise.'"[2] To determine whether a party is eligible to file without prepayment of the

---

[1] *Barnett ex rel. Barnett v. Nw. Sch.*, No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (citing *Cabrera v. Horgas*, 173 F.3d 863, at *1 (10th Cir. Apr. 23, 1999)).
[2] *Id.* (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)).

fee, the Court commonly reviews that party's financial affidavit and compares his or her monthly expenses with the monthly income disclosed therein.[3] In her application and financial affidavit (ECF No. 3, 3-1, *sealed*), Plaintiff indicates she is currently unemployed and divorced. Although she receives some Social Security and retirement, it is clear her monthly expenses exceed her monthly income. In keeping with the Court's liberal policy toward permitting proceedings *in forma pauperis*,[4] and after careful review of Plaintiff's Motion and Affidavit of Financial Status (ECF No. 3, 3-1, *sealed*), the Court finds she is financially unable to pay the filing fee.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed without Prepayment of Fees **(ECF No. 3)** is **GRANTED**. Because Plaintiff proceeds in forma pauperis, the clerk of the court shall take the appropriate steps to serve Defendant with the summons and complaint as provided under 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3).

**II.     Motion for Appointment of Counsel (ECF No. 4)**

There is no constitutional right to counsel in a civil action.[5] For parties like Plaintiff who proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(1) provides discretionary authority to "request an attorney to represent any person unable to afford counsel."[6]

---

[3] *Alexander v. Wichita Hous. Auth.*, No. 07-1149-JTM, 2007 WL 2316902, at *1 (D. Kan. Aug. 9, 2007) (citing *Patillo v. N. Am. Van Lines, Inc.*, No. 02-2162-JWL-DJW, 2000 WL 1162684, at *1) (D. Kan. Apr. 15, 2002) and *Webb v. Cessna Aircraft*, No. 00-2229-JWL-DJW, 2000 WL 1025575, at *1 (D. Kan. July 17, 2000)).

[4] *See generally, Yellen v. Cooper*, 828 F.2d 1471 (10th Cir. 1987).

[5] *See Sandle v. Principi*, 201 F. App'x 579, 582 (10th Cir. 2006) (citing *Castner v. Colo. Springs Cablevision,* 979 F.2d 1417, 1420 (10th Cir. 1992) (Title VII case); *Durre v. Dempsey,* 869 F.2d 543, 547 (10th Cir. 1989) (civil case)).

[6] 28 U.S.C. § 1915(e)(1); *Jackson v. Park Place Condominiums Ass'n, Inc.*, No. 13-2626-CM-GLR, 2014 WL 494789, at *1 (D. Kan. Feb. 6, 2014).

Additionally, because Plaintiff's claims are based, at least in part, on employment discrimination, the Title VII statutes may also provide discretionary authority to appoint counsel "in such circumstances as the court may deem just."[7]

However, these laws do not bestow upon an indigent plaintiff the *right* to counsel. In its broad discretion, the Court evaluates multiple factors when deciding whether to request an attorney for an indigent party.[8] In *Castner v. Colorado Springs Cablevision*,[9] the Tenth Circuit identified four factors which are relevant to the district court's decision whether to appoint counsel: (1) a plaintiff's financial inability to pay for counsel; (2) a plaintiff's diligence in attempting to secure counsel; (3) the existence or nonexistence of meritorious allegations of discrimination; and (4) a plaintiff's capacity to present the case without counsel. Thoughtful and prudent care in appointing representation is necessary so willing counsel may be located,[10] but consideration of the Court's growing docket, the increase in pro se filings, and the limited number of attorneys willing to accept appointment is also paramount.[11]

By approving Plaintiff's request to proceed *in forma pauperis*, the Court accepts the veracity of her affidavit of poverty and inability to afford legal counsel. The Court also accepts Plaintiff's statement that she has conferred with at least six attorneys who have declined this case for various reasons, and finds she has diligently searched for

---

[7] *Jackson*, 2014 WL 494789, at *2 (citing 42 U.S.C. § 2000e–5(f)(1)).
[8] *Jackson*, 2014 WL 494789, at *1.
[9] *Castner*, 979 F.2d 1417.
[10] *Castner,* 979 F.2d at 1421.
[11] *Jackson,* 2014 WL 494789, at *3.

counsel on her own, prior to seeking appointment. Therefore, she satisfies both the first and second prongs of the *Castner* analysis.

However, the Court presently lacks sufficient information to fully evaluate the merits of Plaintiff's claims. Additionally, although Plaintiff apparently submitted multiple charges of discrimination to the Postal Service Equal Employment Opportunity process,[12] the Court is presently undecided on whether she is capable of adequately presenting this case on her own.

Therefore, the Court appoints attorney **Jennifer M. Hill** at McDonald Tinker PA, 300 W. Douglas Ave., Ste. 500, Wichita, Kansas 67202, to represent Plaintiff on a **provisional** basis. Counsel's initial responsibility will be to confer with Plaintiff and make such investigation as may be necessary to determine whether she will recommend to the Court that she be permanently appointed to represent Plaintiff. If, upon completion of her initial investigation, permanent appointment does not appear feasible, she shall notify the undersigned and, to the extent consistent with professional responsibility, report her reasons in order to assist the Court in making its determination under factors 3 and 4 of the *Castner* test.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for the appointment of counsel (**ECF No. 4**) is **PROVISIONALLY GRANTED** as set forth above.

---

[12] *See* ECF No. 1 at 5 (listing six different EEO case numbers and three related appeal numbers in response to the question of whether Plaintiff had previously presented her claims through any administrative procedure).

The clerk is directed to send this order to Plaintiff by U.S. Mail. Attorney Jennifer M. Hill will be notified regarding her provisional appointment through the Court's electronic filing system.

Upon receipt of this order, Plaintiff is ordered to contact Jennifer M. Hill, through her administrative assistant Randi Williams, at 316-263-5851 as soon as possible, but in any event **prior to May 14, 2021** to schedule an appointment for consultation.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 4th day of May, 2021.

s/ Gwynne E. Birzerr
GWYNNE E. BIRZER
United States Magistrate Judge
