# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JENIFER A. VANHORN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 21-1067-DDC-GEB |
| ) | |
| **UNITED STATES POSTAL SERVICE,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## ORDER GRANTING MOTION TO STAY AND
## RESCINDING PROVISIONAL APPOINTMENT OF COUNSEL

This employment discrimination case is before the Court on two issues: 1) Defendant's Unopposed Motion to Stay Issuance of an Initial Order, Discovery, and other scheduling (ECF No. 14), and 2) the provisional appointment of attorney Jennifer M. Hill as counsel for Plaintiff. (*See* Mem. and Order, ECF No. 5.)

**I.      Motion to Stay (ECF No. 14)**

Defendant asks the Court for an order staying all deadlines in this case, including the issuance of an initial order, discovery, planning conference, initial disclosures and scheduling of deadlines, pending the ruling on Defendant's recent partial motion to dismiss. (Motion to stay, ECF No. 14 at 1; Motion to dismiss; ECF No. 12.) The motion to stay indicates defense counsel conferred with Ms. Hill, who had no objection to such a stay of scheduling. (*Id.*)

Although the motion to stay may be decided as unopposed, in spite of the lack of objection, the Court independently undertook a review of the motion. On review of this

case, the motion, and related authority, in its broad discretion[1] the Court finds a stay of scheduling appropriate at this time. Although Defendant's motion to dismiss does not seek dismissal of this case in its entirety, the resolution of the motion has the potential to significantly narrow the issues remaining for discovery.[2] Likewise, this potential narrowing of the issues will assist Plaintiff in pursuing this action as a pro se litigant. (*See* discussion below.) A stay of deadlines and discovery will conserve time and expense both for the Court and the parties until the resolution of the motion to dismiss clarifies precisely which claims will survive.[3]

## II.     Provisional Appointment of Counsel

Pursuant to the Memorandum and Order (ECF No. 5) which provisionally appointed Jennifer Hill to represent Plaintiff, the Court undertook a review of Ms. Hill's limited appointment.

As requested by the Court, Ms. Hill has completed her initial investigation of this matter. Ms. Hill's investigation included a review of the pleadings, in-person consultation with plaintiff Jenifer A. VanHorn, and review of hundreds of pages of documentation.

---

[1] *See Clinton v. Jones*, 520 U.S. 681, 707 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.") *See also Kutilek v. Gannon,* 132 F.R.D. 296, 297 (D. Kan. 1990); *Rubio ex rel. Z.R. v. Turner Unified Sch. Dist. 202,* 2006 WL 681124, at *1 (D. Kan. March 14, 2006).

[2] *See Coffman v. Hutchinson Community College*, No. 17-4070-SAC-GEB, 2018 WL 994707, at *3 (D. Kan. Feb. 21, 2018) (granting motion to stay and finding "a ruling on the motion to dismiss will either dismiss the case entirely, or would surely narrow Plaintiff's extensive filings to more defined claims."); *Schwab v. Kobach*, No. 18-2488-DDC-GEB, 2019 WL 6771779, at *2 (D. Kan. Dec. 12, 2019) (granting stay where the motion to dismiss had "potential to completely dispose of Plaintiffs' claims . . . or to narrow the issues remaining for discovery").

[3] *See Garrett's Worldwide Enters., LLC, v. U.S*., No. 14–2281–JTM-KMH, 2014 WL 7071713, at *2 (finding a stay "legally appropriate and economical in terms of time and effort for the court, counsel, and the litigants.").

Following Ms. Hill's thorough review, the Court finds that Ms. Hill's investigation assists the Court in making its determination under the third (the merit of Plaintiff's claims) and fourth (Plaintiff's ability to present her case) factors of the Tenth Circuit decision in *Castner v. Colorado Springs Cablevision*.[4]

After careful consideration of the pleadings, Ms. Hill's investigation, and the relevant factors in *Castner*, the Court finds that Plaintiff Jenifer VanHorn has the capacity to present the case without counsel at this stage. Although the Court has concerns regarding the merit of Plaintiff's claims at this time, the Court recognizes that "its perception of the merits and other factors relevant to the issue of appointment of counsel may vary"[5] as the case progresses. Postponing a decision to appoint counsel allows the Court to gain more information about both the merits of Plaintiff's claims and her continued ability to present this case.[6] For this reason, Plaintiff's request for counsel—although provisionally granted for the purpose of investigating the *Castner* factors—is now denied without prejudice to later review.

**IT IS THEREFORE ORDERED** that Jennifer M. Hill has fulfilled the purpose of her provisional appointment based upon her investigation and consultation with Plaintiff. She is relieved entirely from further professional obligations and duties arising under the previous order.

---

[4] *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417 (10th Cir. 1992). *See* discussion of the *Castner* factors in the previous Memorandum and Order, ECF No. 5.
[5] *Jones v. Maritz Research Co.*, Case No. 14-2467-SAC-GLR, 2014 WL 6632929, at *3.
[6] *Id*. (citing *Ficken v. Alvarez,* 146 F.3d 978, 981 (D.C.Cir.1998)).

3

**IT IS FURTHER ORDERED** that Plaintiff Jenifer VanHorn's request for appointment of counsel is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the issuance of an initial order, discovery, planning conference, initial disclosures and scheduling of deadlines are hereby stayed pending resolution of the Motion to Dismiss (ECF No. 12). Following decision on that Motion, in the event this matter proceeds in any fashion, an initial order will issue expeditiously, establishing deadlines for the progress of this case.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 23rd day of August 2021.

                                                  s/ Gwynne E. Birzer
                                                  GWYNNE E. BIRZER
                                                  United States Magistrate Judge