## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JENIFER A. VANHORN,

       **Plaintiff,**

v.

                                            **Case No. 21-1067-DDC-GEB**

UNITED STATES POSTAL SERVICE,

       **Defendant.**

_____

## MEMORANDUM AND ORDER

Plaintiff Jenifer A. VanHorn, proceeding pro se,[1] sued her former employer defendant United States Postal Service.  In April 2023, this court issued an Order granting in part and denying in part, defendant's Motion for Summary Judgment (Doc. 61).  Doc. 71.  That Order granted summary judgment against all of plaintiff's claims except one that defendant hadn't moved for summary judgment against:  plaintiff's Title VII discrimination claim to the extent that the claim covers her allegations of discrimination based on race.  *Id.* at 25.

Now before the court is defendant's Motion to Reconsider, or in the Alternative Motion for Leave to File Additional Dispositive Motion (Doc. 72) and supporting memorandum (Doc. 73).  Defendant asks the court to reconsider its dispositive order under Federal Rule of Civil Procedure 59(e) and Local Rule 7.3 because, defendant argues, the court misapprehended plaintiff's position when it ruled that plaintiff intended to bring a race discrimination claim.

---

[1] Because plaintiff filed her suit pro se, the court construes her filings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  But the court doesn't serve as a pro se plaintiff's advocate.  *See id.*  Plaintiff's pro se status doesn't excuse her from complying with the court's rules or facing the consequences of noncompliance.  *See Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

Doc. 73 at 2–4.  In the alternative, defendant asks the court for leave to file a dispositive motion against the remaining claim.  *Id.* at 4–6.  Plaintiff has responded (Docs. 75, 77, 79).  Also, plaintiff has filed a Motion for Additional Discovery (Doc. 76) to support her racial discrimination claim.

For reasons explained below, the court denies defendant's motion (Doc. 72) in part and grants it in part.  Specifically, the court denies defendant's request to reconsider, but grants defendant's alternative request for leave.  Also, the court denies plaintiff's Motion for Additional Discovery (Doc. 76).  Here's why.

## I.    Defendant's Motion to Reconsider

Our local rule requires that a "motion to reconsider must be based on:  (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice."  D. Kan. Rule 7.3.  Federal Rule of Civil Procedure 59(e) requires the same.  *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (The grounds "warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.").  So, "[a] motion to reconsider is available when the court has misapprehended the facts, a party's position, or the controlling law, but it is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."  *Coffeyville Res. Refin. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 748 F. Supp. 2d 1261, 1264 (D. Kan. 2010) (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

When reviewing a district court's decision to deny a motion to reconsider under the abuse of discretion standard, the Tenth Circuit has described a "clear error of judgment" to mean a

district court's decision that was "arbitrary, capricious, whimsical, or manifestly unreasonable . . . ." *Wright ex rel. Tr. Co. of Kan. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1235–36 (10th Cir. 2001) (internal quotation marks and citations omitted). The Tenth Circuit has not defined "manifest injustice" in the Rule 59(e) context, but our court "has described the term to mean direct, obvious, and observable error." *Hadley v. Hays Med. Ctr.*, No. 14-1055-KHV, 2017 WL 748129, at *2 (D. Kan. Feb. 27, 2017) (internal quotation marks and citations omitted).

Defendant argues that the court misapprehended the facts and plaintiff's position when it found plaintiff had preserved a race discrimination claim in the Pretrial Order. Defendant asserts that plaintiff didn't raise a race discrimination claim in the EEO process, she didn't raise a race discrimination claim in her Complaint, the legal claims section of the Pretrial Order doesn't specify a claim based on race, and in her deposition, she testified that she wasn't discriminated against based on race. Thus, defendant argues, plaintiff didn't intend to preserve a race-based claim and the court misapprehended her position. In response to these arguments, plaintiff objects to defendant's motion generally. She contends that defendant discriminated against her because of her race.

Defendant hasn't shown that the court committed an obvious error in its ruling. Perhaps defendant is correct—that plaintiff didn't intend to bring a race discrimination claim originally.[2] But as explained in the summary judgment Order, the Pretrial Order supersedes claims made

---

[2] Defendant argues that the legal claim section of the Pretrial Order doesn't include a claim for discrimination based on "race." But this same legal claim section also doesn't specify that the claim is based on "sex." *See* Doc. 59 at 8. Likewise, the Complaint doesn't allege a claim of *either* race or sex discrimination. *See* Doc. 1 at 9. But defendant's motion for summary judgment addresses a claim for sex discrimination. And it fails to address a claim for race discrimination. If the only difference between the two claims—Title VII discrimination based on race, and Title VII discrimination based on sex—is that plaintiff conceded in her deposition that she didn't face discrimination based on race, defendant can't expect the court to figure out, with no guidance from the parties, that's why it didn't address the racial claim.

before it—in either the EEO process or the Complaint.  Once entered, it controls the future course of the case.  *See* Fed. R. Civ. P. 16(e); *Wilson v. Muckala*, 303 F.3d 1207, 1215 (10th Cir. 2002) ("When an issue is set forth in the pretrial order, it is not necessary to amend previously filed pleadings because the pretrial order is the controlling document for trial." (internal citation and quotation marks omitted)).  And "it is incumbent upon defendant . . . to meticulously examine the pretrial order and take exception to language that appears to add a new claim[.]" *Hester v. Wal-Mart Stores, Inc.*, 356 F. Supp. 2d 1195, 1201 (D. Kan. 2005).  Thus, the court stands by its decision concluding that the Pretrial Order includes a Title VII claim for race discrimination.  *See* Doc. 71 at 13 n.3.  And it thus denies defendant's request to reconsider.

## II.     Defendant's Motion for Leave

The court now turns to defendant's alternative request, asking for leave to file an additional dispositive motion.  Defendant seeks leave to file a dipositive motion on the race-based discrimination claim under Fed. R. Civ. P. 6(b) and, it argues, allowing this claim to move forward would prove futile.

"Under Fed. R. Civ. P. 6(b)(1)(B), a district court has discretion to accept a party's late filing if the party files a motion showing that the delay was the result of 'excusable neglect.'" *Palzer v. CoxCom, LLC*, 833 F. App'x 192, 196 (10th Cir. 2020); *see also Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 391 (1993) ("Under Rule 6(b), where the specified period for the performance of an act has elapsed, a district court may enlarge the period and permit the tardy act where the omission is the 'result of excusable neglect.'" (quoting Fed. R. Civ. P. 6(b)).  "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances

beyond the control of the movant." *Pioneer Inv. Servs.*, 507 U.S. at 392 (quoting 4A Charles A.

Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (2d ed. 1987) (further

citations omitted)).  To determine whether the moving party has shown "excusable neglect" a

district court evaluates the relevant circumstances including:

> (1) "the danger of prejudice to the [opposing party]"; (2) "the length of the delay
> and its potential impact on judicial proceedings"; (3) "the reason for the delay,
> including whether it was within the reasonable control of the movant"; and (4)
> "whether the movant acted in good faith."

*Palzer*, 833 F. App'x at 196 (quoting *Pioneer Inv. Servs.*, 507 U.S. at 395 ("construing the

Bankruptcy Rules' counterpart to Rule 6(b)(1)(B), which at the time was Rule 6(b)(2)")).  "'The

most important factor is the third' and 'an inadequate explanation for delay may, by itself, be

sufficient to reject a finding of excusable neglect.'" *Id.* at 197 (quoting *Perez v. El Tequila, LLC*,

847 F.3d 1247, 1253 (10th Cir. 2017)).

Defendant argues that permitting it to file a dispositive motion on plaintiff's race-based

discrimination claim "would likely resolve the matter without a trial" and "further the interests of

judicial economy[.]"  Doc. 73 at 6.  The court agrees with defendant and concludes that

defendant's original oversight and efforts to correct it suffice as an adequate explanation for

delay.  Consistent with Rule 1, the court construes Rule 6 to authorize defendant leave in these

unusual circumstances, hoping to "secure the just, speedy, and inexpensive determination" of

this lawsuit.  Fed. R. Civ. P. 1.  Leave is justified here to cure deficiencies emerging from the

parties' drafting of the Pretrial Order and subsequent dispositive briefing.  Plaintiff doesn't argue

that leave will impose any undue prejudice or that defendant acted in bad faith.  And, the court

finds, defendant acted in good faith when it filed this motion.  Thus, the court grants defendant's

motion (Doc. 72) to the extent it seeks leave to file an additional dispositive motion.

### III.    Plaintiff's Motion for Additional Discovery

Plaintiff has filed a Motion for Additional Discovery (Doc. 76) to support her racial discrimination claim.  She requests "the court compel [defendant] to relinquish forms" for other mail carriers who she claims "were treated differently than" her.  Doc. 76.  The court denies this request.

Plaintiff already has had the opportunity to discover all this information.  *See Price v. W. Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000) (The Tenth Circuit has held that the general principle of Rule 56(d) is that "'summary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.'" (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)) (interpreting the same rule formerly codified as Rule 56(f))).  And the decision to grant additional discovery under Fed. R. Civ. P. 56(d) is within the district court's discretion.  *Patty Precision v. Brown & Sharpe Mfg. Co.*, 742 F.2d 1260, 1264 (10th Cir. 1984); *see also Pfenninger v. Exempla, Inc.*, 116 F. Supp. 2d 1184, 1194 (D. Colo. 2000) ("The district courts exercise discretion in deciding whether to grant a [Rule 56(d)] motion.").  Plaintiff asserts no reason why she failed to pursue this information earlier in the case, and provides no reason why she deserves to reopen discovery now.

### IV.    Conclusion

The court denies defendant's motion to reconsider its summary judgment ruling (Doc. 72).  But it grants this motion's alternate request—defendant's request for leave to file an additional dispositive motion (Doc. 72).  Under our local rules, defendant now must serve this additional dispositive motion within five days of this Order.  *See* D. Kan. Rule 15.1(b).  After defendant files its motion, plaintiff will have 21 days to respond, and defendant gets 14 days from that response to reply.  D. Kan. Rule 6.1(d).  Due to this second round of dispositive motion

briefing, the court vacates the current July 5, 2023, trial date.  The court also denies plaintiff's Motion for Additional Discovery (Doc. 76).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's Motion to Reconsider, or in the Alternative, Motion for Leave to File Additional Dispositive Motion (Doc. 72) is granted in part and denied in part, as explained by this Order.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion for Additional Discovery (Doc. 76) is denied.

**IT IS SO ORDERED.**

**Dated this 31st day of May, 2023, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
