IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

---

**JENIFER A. VANHORN,**

                      Plaintiff,

v.

**UNITED STATES POSTAL SERVICE,**

                      Defendant.

Case No. 21-1067-DDC

---

## MEMORANDUM AND ORDER

Pro se[1] plaintiff Jenifer A. VanHorn initially sued defendant United States Postal Service for disability discrimination and retaliation. Defendant moved for summary judgment against those claims and the court granted the motion. But the court's summary judgment decision noted that plaintiff had preserved a race discrimination claim in the Pretrial Order. Defendant then requested permission to file a second dispositive motion against this race discrimination claim. The court granted the motion.

Defendant's dispositive motion took the form of a Motion to Dismiss (Doc. 82) under Fed. R. Civ. P. 12(b)(6), arguing plaintiff had failed to exhaust the relevant administrative remedies for her race discrimination claim. But Fed. R. Civ. P. 12(b) provides that any motion brought under that rule "must be made before pleading[.]" This case passed the pleading stage long ago; defendant answered on February 9, 2022. Doc. 26. A court faced with a post-answer

---

[1] Because plaintiff filed her suit pro se, the court construes her filings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court doesn't serve as a pro se plaintiff's advocate. *See id.* Plaintiff's pro se status doesn't excuse her from complying with the court's rules or facing the consequences of noncompliance. *See Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

Rule 12(b)(6) motion may exercise its discretion and convert such a motion into a Rule 12(c) motion for judgment on the pleadings if the basis for the Rule 12(b)(6) motion is cognizable within a Rule 12(c) motion.[2]  *Helm v. Kansas*, No. 08-2459-JAR, 2009 WL 2168886, at *1 (D. Kan. July 21, 2009); *see also Swearingen v. Honeywell, Inc.*, 189 F. Supp. 2d 1189, 1193 (D. Kan. 2002) (noting Rule 12(h)(2) "permits the court to consider a defense of failure to state a claim upon which relief can be granted within a Rule 12(c) motion" and treating defendant's Rule 12(b)(6) motion as "submitted under Rule 12(c)" (quotation cleaned up)).  Since defendant filed the Motion to Dismiss after filing its Answer, the court, in its discretion, construes the motion as one made under Rule 12(c) seeking judgment on the pleadings.  *See* Fed. R. Civ. P. 12(c) ("After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."); *see also Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 n.2 (10th Cir. 2002) (explaining that a motion filed after an answer "should generally be treated as a motion for judgment on the pleadings" and not a Rule 12(b)(6) motion).

So, the court next recites the relevant legal standard for Rule 12(c) motions for judgment on the pleadings, noting the standard's emphasis on *pleadings*.  A court evaluates a Rule 12(c) motion under the same standard governing a Rule 12(b)(6) motion to dismiss.  *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000).  For a complaint to survive a Rule 12(b)(6) motion to dismiss, "*a complaint* must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff *pleads* factual content that allows the

---

[2] Indeed, a failure to exhaust administrative remedies affirmative defense is a cognizable basis for a Rule 12(c) motion.  *See, e.g.*, *Tastan v. Los Alamos Nat'l Sec., LLC*, 809 F. App'x 498, 500 (10th Cir. 2020).

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (emphasis added) (citing *Twombly*, 550 U.S. at 556).

When considering a Rule 12(b)(b) motion to dismiss or a Rule 12(c) motion for judgment on the pleadings, the court must assume that the factual allegations in the complaint are true, but it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* (quoting *Twombly*, 550 U.S. at 555); *see also Atl. Richfield*, 226 F.3d at 1160 (explaining that a Rule 12(c) motion requires the court to "accept the *well-pleaded allegations of the complaint* as true and construe them in the light most favorable to the non-moving party" (emphasis added) (citation and internal quotation marks omitted)). And while this pleading standard doesn't require "'detailed factual allegations,'" it demands more than a "*pleading* that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" which, as the Supreme Court explained, "'will not do.'" *Iqbal*, 556 U.S. at 678 (emphasis added) (quoting *Twombly*, 550 U.S. at 555).

Though the Rule 12(c) legal standard refers to the "pleading," defendant asserts that the court can apply this standard to the allegations in the Pretrial Order. Defendant contends that, "[b]ecause the pretrial order supersedes the complaint, the same Rule 12(b)(6) standards apply but should be applied to the allegations in the pretrial order, not the complaint." Doc. 83 at 8. The court disagrees.

The Pretrial Order isn't a pleading. Fed. R. Civ. P. 7(a) provides a list of all pleadings allowed, and that list doesn't include a final pretrial order. "The court recognizes that the Tenth Circuit has determined that a final pretrial order supersedes the pleadings in the case, but it has never concluded that it is a 'pleading' for purposes of Rule 12(c)." *Myklatun v. Halliburton Energy Servs., Inc.*, No. CIV-09-770-F, 2011 WL 13112075, at *2 (W.D. Okla. Oct. 12, 2011)

3

(internal citation omitted).  Thus, "because the final pretrial report is not a pleading, [defendant's] motion would have to be treated as one for summary judgment under Rule 12(d)[.]"  *Id.  See also In re Mayoros*, 569 B.R. 352, 355–56 (Bankr. D. Utah 2017) (converting motion for judgment on the pleadings into summary judgment motion because "parties rel[ied] on the Pretrial Order, which is not included in the type of 'pleading' set forth in Rule 7").

Rule 12(d) instructs the court to treat a Rule 12(c) motion "as one for summary judgment under Rule 56" if, on that motion, "matters outside the pleadings are presented to and not excluded by the court[.]"  Fed. R. Civ. P. 12(d); *see also Woodie v. Berkshire Hathaway Homestate Ins.*, 806 F. App'x 658, 664–65 (10th Cir. 2020) ("When outside materials are not excluded by the court, failing to convert a 12(c) motion 'is reversible error unless the dismissal can be justified without considering the outside materials.'" (quoting *GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997))).

The Pretrial Order itself is a matter outside the pleadings.  And defendant's Motion (Doc. 82), plaintiff's Response (Doc. 84) and plaintiff's Objection (Doc. 86) all include "matters outside the pleadings."  Because defendant has submitted materials outside the pleadings, the court here notifies the parties that it will treat defendant's motion as one seeking summary judgment under Fed. R. Civ. P. 56.  But before converting the motion in this fashion, the court must give all parties "a reasonable opportunity to present all the material that is pertinent to the motion."  Fed. R. Civ. P. 12(d); *see also Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (explaining that a court must "giv[e] proper notice to the parties" when it converts Rule 12(b)(6) motion to summary judgment motion).  Thus, the court allows the parties to support their positions on the pending motion, one the court now has converted into a summary judgment motion.

4

This Order provides the required notice. In addition, if either party wishes to submit additional materials to support its position, it must submit that material **no later than 21 days from the date of this Order.** By establishing this deadline, the court does not suggest additional materials are necessary. Instead, the court establishes this deadline out of caution to ensure that both plaintiff and defendant know that: (a) the court intends to treat the motion as a summary judgment motion; and (b) when the court will deem the motion as ripe for decision.

Separately, the court instructs defendant to provide notice of summary judgment to plaintiff—a pro se litigant—as required by our Local Rule 56.1. *See* D. Kan. Rule 56.1(d) ("Any represented party moving for summary judgment against a party proceeding pro se must serve and file as a separate document, together with the papers in support of the motion, the following 'Notice To Pro Se Litigant Who Opposes a Motion For Summary Judgment' with the full texts of Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 attached.").

Finally, the court emphasizes that allegations don't cut it at the summary judgment stage. Instead, plaintiff must "present some evidence to support [her] allegations; mere allegations, without more, are insufficient to avoid summary judgment." *Lawmaster v. Ward*, 125 F.3d 1341, 1349 (10th Cir. 1997) (citation omitted). Even though plaintiff proceeds pro se in this action, she is not excused from the responsibility to present admissible evidence to support her claims and thereby avoid summary judgment. *See Brown v. Dorneker*, No. 06-3245-CM, 2008 WL 3334025, at *1 (D. Kan. Aug. 8, 2008) (explaining pro se plaintiff has "the burden of coming forward with evidence to support his claims as required by the Federal Rules of Civil Procedure and the local rules of this court. Even a pro se plaintiff must present some specific factual support for his allegations [to avoid summary judgment]" (citation and internal quotation marks omitted)). The court only may consider admissible evidence when ruling on a motion for

summary judgment. *Trevizo v. Adams*, 455 F.3d 1155, 1160 (10th Cir. 2006). Thus, to avoid summary judgment, the court cautions plaintiff that she must come forward with admissible evidence to rebut defendant's assertion that she has failed to exhaust her administrative remedies.

**IT IS SO ORDERED.**

**Dated this 23rd day of January, 2024, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**