**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**JENIFER A. VANHORN,**

**Plaintiff,**

**v.**

**UNITED STATES POSTAL SERVICE,**

**Defendant.**

**Case No. 21-1067-DDC**

## MEMORANDUM AND ORDER

Defendant United States Postal Service previously moved for summary judgment against pro se[1] plaintiff Jenifer A. VanHorn's claims for disability discrimination and retaliation. The court granted the motion but, construing plaintiff's filings liberally, concluded that plaintiff had preserved a race discrimination claim in the Pretrial Order and defendant hadn't moved for summary judgment against that claim. Defendant now has moved to dismiss plaintiff's race discrimination claim (Doc. 82), arguing that plaintiff failed to exhaust administrative remedies, and the court converted that motion into one seeking summary judgment (Doc. 88). Plaintiff responded with her own Motions for Summary Judgment—two of them (Doc. 90; Doc. 91). As explained below, the court grants defendant's motion and denies plaintiff's motions.

---

[1] Because plaintiff filed her suit pro se, the court construes her filings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court doesn't serve as a pro se plaintiff's advocate. *See id.* Plaintiff's pro se status doesn't excuse her from complying with the court's rules or facing the consequences of noncompliance. *See Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

## I. Background

The court assumes familiarity with its earlier orders in this case, so it recites only the facts relevant to defendant's exhaustion argument. The following facts are uncontroverted or, where controverted, are stated in the light most favorable to plaintiff, the party opposing summary judgment. *Scott v. Harris*, 550 U.S. 372, 378 (2007). The court must take that view of the facts because it elects to begin with defendant's summary judgment motion.

Plaintiff began working for defendant in 1998. Doc. 59 at 2 (Pretrial Order ¶ 2.a.1.). Defendant terminated her employment in February 2019. *See* Doc. 83-8 at 1–2 (Third EEOC Appeal). From 2015 to 2019, plaintiff initiated and appealed four EEOC proceedings.

In the first EEOC Proceeding (No. 4E-680-0037-15), plaintiff alleged physical disability discrimination after she was injured on the job. Doc. 83-2 at 1 (First Charge). Plaintiff's claim revolved around her reassignment from the Downtown Station to the Delano Station in Wichita, Kansas. *Id.* In her EEOC complaint, plaintiff's narrative in her charge asserted no factual allegations suggesting that defendant behaved in a racially discriminatory manner. *See generally id.* While plaintiff succeeded on her appeal (No. 0120181412), she did so because the EEOC found that defendant had violated an earlier settlement agreement. *See* Doc. 83-6 at 4 (First EEOC Appeal).

In plaintiff's second EEOC Proceeding (No. 4E-680-0005-18), plaintiff checked the boxes on the EEOC Complaint form for discrimination based on sex, disability, age, and retaliation. Doc. 83-3 at 1 (Second Charge). Her narrative alleged discrimination based on sex, disability, age, and retaliation from her prior EEOC proceedings. *Id.* at 2–5 (Second Charge). Plaintiff did not check the box for racial discrimination, nor did she allege it anywhere in her narrative. *Id.* (Second Charge). The EEOC noted that plaintiff's appeal (No. 2021000212) alleged that defendant discriminated against her on the bases of disability (anxiety, depression,

back problems) and retaliation. Doc. 83-7 at 1 (Second EEOC Appeal). The appeal didn't mention racial discrimination.

Plaintiff's third EEOC Proceeding (4X-048-0044-18) alleged discrimination based on retaliation and disability. *See* Doc. 83-4 at 1 (Third Charge). She checked the boxes on the EEOC Complaint form for retaliation and disability, but not racial discrimination. *Id.* (Third Charge). Her narrative only alleged facts of discrimination about her disabilities and retaliation from her prior EEOC claims. *Id.* (Third Charge).

The EEOC found that plaintiff didn't provide sufficient support for her second and third EEOC proceedings. Plaintiff appealed both proceedings together in EEOC Appeal No. 2021000212. Doc. 83-7 (Second EEOC Appeal). The EEOC affirmed the original decisions. *Id.* at 4 (Second EEOC Appeal). The EEOC appeal only addressed allegations of sex, age, and disability discrimination and retaliation. *Id.* at 1 (Second EEOC Appeal). Plaintiff never mentioned racial discrimination. *Id.* (Second EEOC Appeal).

In plaintiff's fourth EEOC Proceeding (4E-680-0034-19), plaintiff alleged discrimination based on disability and retaliation again. She checked the boxes on the EEOC Complaint form simply for disability and retaliation. Doc. 83-5 at 1 (Fourth Charge). Plaintiff's narrative solely alleged facts relating to mental and physical disability and retaliation. *Id.* at 1–2 (Fourth Charge). She never mentioned racial discrimination. *Id.* (Fourth Charge). When plaintiff appealed this proceeding, (No. 2020001983), her appeal also didn't contain any facts or allegations about racial discrimination. *See* Doc. 83-8 (Third EEOC Appeal). The EEOC affirmed the prior decision on appeal. *Id.* (Third EEOC Appeal).

## II. Legal Standard

Summary judgment is appropriate where the moving party demonstrates there is "no genuine dispute" about "any material fact" and that "the movant is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(a). This standard dictates that the court "view the evidence and make inferences in the light most favorable to the non-movant." *Nahno-Lopez v. Houser*, 625 F.3d 1279, 1283 (10th Cir. 2010) (citing *Oldenkamp v. United Am. Ins. Co.*, 619 F.3d 1243, 1245–46 (10th Cir. 2010)).

"An issue of fact is 'genuine' 'if the evidence is such that a reasonable jury could return a verdict for the non-moving party' on the issue." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "An issue of fact is 'material' 'if under the substantive law it is essential to the proper disposition of the claim' or defense." *Id.* (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)).

The moving party bears "'both the initial burden of production on a motion for summary judgment and the burden of establishing that summary judgment is appropriate as a matter of law.'" *Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010) (quoting *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002)). To carry this burden, the moving party "'need not negate the non-movant's claim, but need only point to an absence of evidence to support the non-movant's claim.'" *Id.* (quoting *Sigmon v. CommunityCare HMO, Inc.*, 234 F.3d 1121, 1125 (10th Cir. 2000)). Even if the non-moving party fails to respond adequately, "the district court may not grant the motion without first examining the moving party's submission to determine if it has met its initial burden of demonstrating that no material issues of fact remain for trial and the moving party is entitled to judgment as a matter of law." *Reed v. Bennett*, 312 F.3d 1190, 1194–95 (10th Cir. 2002).

If the moving party satisfies its initial burden, the non-moving party "'may not rest on its pleadings, but must bring forward specific facts showing a genuine issue for trial [on] those dispositive matters for which it carries the burden of proof.'" *Kannady*, 590 F.3d at 1169

(quoting *Jenkins v. Wood*, 81 F.3d 988, 990 (10th Cir. 1996)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Anderson*, 477 U.S. at 248–49. The specific "facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Libertarian Party of N.M. v. Herrera*, 506 F.3d 1303, 1309 (10th Cir. 2007) (citing *Adler*, 144 F.3d at 671). Affidavits and testimony "must be based upon personal knowledge and set forth facts that would be admissible in evidence; conclusory and self-serving affidavits are not sufficient." *Tucker v. Faith Bible Chapel Int'l*, 36 F.4th 1021, 1030–31 (10th Cir. 2022) (quotation cleaned up).

Finally, federal courts don't view summary judgment as a "disfavored procedural shortcut." *Celotex*, 477 U.S. at 327. Instead, it represents an important procedure "designed 'to secure the just, speedy and inexpensive determination of every action.'" *Id.* (quoting Fed. R. Civ. P. 1).

## III. Analysis

Defendant asserts that plaintiff's race discrimination claim fails as a matter of law because plaintiff failed to exhaust her administrative remedies. Before suing in federal court, federal "employees alleging discrimination or retaliation prohibited by Title VII or the Rehabilitation Act must comply with specific administrative complaint procedures in order to exhaust their administrative remedies." *Hickey v. Brennan*, 969 F.3d 1113, 1118 (10th Cir. 2020). The exhaustion requirement serves two principal purposes: (1) "to give notice of the alleged violation to the charged party;" and (2) "to give the EEOC an opportunity to conciliate the claim, which effectuates Title VII's goal of securing voluntary compliance." *Smith v. Cheyenne Ret. Invs. L.P.*, 904 F.3d 1159, 1164 (10th Cir. 2018) (citation and internal quotation marks omitted). So, to promote the purposes of the exhaustion rule, a "plaintiff's claim in court is generally limited by the scope of the administrative investigation that can reasonably be

expected to follow the charge of discrimination submitted to the EEOC." *Id.* (citation and internal quotation marks omitted).

Although courts "'liberally construe' the plaintiff's allegations in the EEOC charge, 'the charge must contain facts concerning the discriminatory and retaliatory actions underlying each claim.'" *Id.* (emphasis and brackets omitted) (quoting *Jones v. United Parcel Serv.*, 502 F.3d 1176, 1186 (10th Cir. 2007)). "The ultimate question is whether the conduct alleged in the lawsuit would fall within the scope of an EEOC investigation which would reasonably grow out of the charges actually made in the EEOC charge." *Id.* at 1164–65 (citations, brackets, and internal quotation marks omitted).

To construe an EEOC charge, courts utilize the boxes checked by employees on the charge and presume that an unchecked box means the employee declined to bring a claim on that basis. *Gunnell v. Utah Valley State Coll.*, 152 F.3d 1253, 1260 (10th Cir. 1998) ("Although [plaintiff's] failure to mark the box for sex discrimination is not dispositive, . . . it certainly creates a presumption that she was not asserting claims represented by boxes not checked."); *Walker v. Answer Topeka, Inc.*, No. 20-02049-EFM, 2020 WL 4200878, at *3 (D. Kan. July 21, 2020) ("In a case where a plaintiff does file a [charge] to the EEOC but does not check the boxes for all areas of discrimination for which he seeks a remedy, the Court presumes that conduct regarding all unchecked box is not part of the claim."); *Kear v. Kohl's Dep't Stores, Inc.*, No. 12-CV-1235-JAR-KGG, 2013 WL 424881, at *3 (D. Kan. Feb. 4, 2013) ("Failure to mark a box for a particular allegation of discrimination creates a presumption that a plaintiff did not assert claims represented by unchecked boxes."). If a plaintiff left a box unchecked but later sues based on conduct represented by that box, plaintiff can rebut the presumption that the unchecked

box isn't part of the claim "if the text of the [charge] clearly sets forth the basis of the unchecked claim." *Walker*, 2013 WL 424881, at *3.

Here, plaintiff never alleged race discrimination in any of her four EEOC charges. In the first EEOC Proceeding, plaintiff alleged disability discrimination:

**B. Discrimination Factors**

Prohibited discrimination includes actions taken based on your ***Race, Color, Religion, Sex, Age (40+), National Origin, Physical and/or Mental Disability, Genetic Information, or in Retaliation*** for your participation in protected EEO activity. These categories are referred to on this form as factors.

What factor(s) of discrimination are you alleging? (Please be specific, i.e., Race-African American, Sex-Female).

Physical Disability injured on the job 9-21-99 as a carrier at McConnell air force Base
OWCP Case # 110174911

Doc. 83-2 at 1 (First Charge). The text of plaintiff's charge doesn't mention race either.

In her second EEOC proceeding, plaintiff alleged discrimination based on sex, disability, age, and retaliation and her narrative repeated those allegations. Doc. 83-3 at 1–5 (Second Charge). Again, plaintiff didn't check the box for racial discrimination:

14. Type of Discrimination You Are Alleging (Select all that apply.)

- ☐ Race (Specify):
- ☐ Color (Specify):
- ☐ Religion (Specify):
- ☐ National Origin (Specify):
- ☒ Sex (Specify Male/Female):
- ☐ Sex (LGBT):
- ☒ Age (40+) (Specify Date of Birth): 9-2-67
- ☒ Retaliation (Specify Protected Activity):
- ☒ Disability (Specify): on job injury 9-21-99
- ☐ Genetic Information (Specify): Back surgery 11-29-2000 & 8-14-14

*Id.* at 1 (Second Charge). The text of plaintiff's charge doesn't mention race. And her second appeal didn't mention race, either. *See generally* Doc. 83-7 (Second EEOC Appeal).

Likewise, in plaintiff's third EEOC proceeding, she alleged discrimination based on retaliation and disability and checked the corresponding boxes, but didn't check the box for racial discrimination:

14. Type of Discrimination You Are Alleging (Select all that apply.)

☐ Race (Specify):
☐ Color (Specify):
☐ Religion (Specify):
☐ National Origin (Specify):
☐ Sex (Specify Mail, Female):
☐ Sex (LGBT):
☐ Age (40+) (Specify Date of Birth):
☒ Retaliation (Specify Protected Activity):
☒ Disability (Specify): Mental & physical
☐ Genetic Information (Specify):

*See* Doc. 83-4 at 1 (Third Charge). Plaintiff's narrative doesn't reference racial discrimination, either. *See id.* at 1–2. Plaintiff appealed this third charge together with her second charge and, as just mentioned, the appeal didn't mention race. *See generally* Doc. 83-7 (Second EEOC Appeal).

In her fourth and final EEOC Proceeding, plaintiff alleged mental and physical disability and retaliation. Doc. 83-5 at 1 (Fourth Charge). She checked the boxes for retaliation and disability, but not the box for race discrimination:

14. Type of Discrimination You Are Alleging (Select all that apply.)

☐ Race (Specify):
☐ Color (Specify):
☐ Religion (Specify):
☐ National Origin (Specify):
☐ Sex (Specify Male, Female):
☐ Sex (LGBT):
☐ Age (40+) (Specify Date of Birth):
☒ Retaliation (Specify Protected EEO Activity):
☒ Disability (Specify): back: knee- on the injuries Anxiety, Depression
☐ Genetic Information (Specify):

*Id.* In the text of this EEOC charge, plaintiff never mentions race discrimination. *See generally id.* And in her appeal of this fourth EEOC charge, plaintiff never mentioned race discrimination. *See generally* Doc. 83-8 (Third EEOC Appeal).

In sum, plaintiff never checked the box for racial discrimination, so the court presumes that she didn't assert a racial discrimination in any of her EEOC charges. *Gunnell*, 152 F.3d at

1260. And the text of her EEOC charges doesn't mention race, either, so plaintiff can't overcome this presumption. The court thus concludes that plaintiff never asserted a racial discrimination claim in any of her EEOC charges. Without mentioning race in the charge, defendant never received "notice of the alleged violation" and the EEOC never had "an opportunity to conciliate" a race claim. *Smith*, 904 F.3d at 1164 (citations and internal quotation marks omitted). Defendant thus is entitled to summary judgment because it has "'point[ed] to an absence of evidence'" of exhaustion. *Kannady*, 590 F.3d at 1169 (quoting *Sigmon*, 234 F.3d at 1125). And plaintiff has failed to "'bring forward specific facts showing a genuine issue for trial'" on exhaustion. *Id.* (quoting *Jenkins*, 81 F.3d at 990).

Plaintiff has submitted her own summary judgment evidence, but none of that evidence addresses exhaustion. Instead, plaintiff asserts that a Black letter carrier was injured on duty, like plaintiff, but defendant didn't force the Black letter carrier to "cross crafts," lose seniority, work outside his restrictions, relocate his place of employment, or terminate his employment. *See* Doc. 90 at 1. This differential treatment doesn't address whether plaintiff exhausted her race discrimination claim. The court thus denies plaintiff's Motions for Summary Judgment (Doc. 90; Doc. 91).

## IV. Conclusion

Plaintiff has failed to show that a reasonable factfinder could conclude that she exhausted her racial discrimination claim. The court thus grants defendant's Motion for Summary Judgment (Doc. 82). And the court denies both of plaintiff's Motions for Summary Judgment (Doc. 90; Doc. 91) because its decision to grant defendant's motion renders the motions moot.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's Motion for Summary Judgment (Doc. 82) is granted.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion for Summary Judgment (Doc. 90) is denied as moot.

**IT IS FURTHER ORDERED THAT** plaintiff's Amended Motion for Summary Judgment (Doc. 91) is denied as moot.

**IT IS SO ORDERED.**

**Dated this 28th day of February, 2024, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**